**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1308**

---

JERRY GORALSKI LAMB,

Plaintiff - Appellant,

v.

THOMAS MODLY, Secretary of the Navy; UNITED STATES; TERRENCE O'CONNELL; RICHARD PAQUETTE,

Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:19-cv-03469-LKG)

---

Submitted:  September 30, 2022                    Decided:  February 28, 2023

---

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jerry Goralski Lamb, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Goralski Lamb appeals the district court's order granting summary judgment to his former employer on his retaliation claim raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17.  Finding no reversible error, we affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).  "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).  "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted).  In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.*  But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Lamb proceeded under the familiar *McDonnell Douglas*[*] pretext framework.  Under

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*McDonnell Douglas*, to establish a prima facie case of retaliation, Lamb needed to "show (1) that [he] engaged in protected activity; (2) that h[is] employer took an adverse action against h[im]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th Cir. 2015) (cleaned up). The Navy then must proffer a legitimate, nonretaliatory reason for the adverse actions. *Id.* Finally, Lamb had the burden to show that the Navy's legitimate reason was, in fact, a pretext for intentional retaliation. *Id.* "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("*Nassar* does not alter the legal standard for adjudicating a *McDonnell Douglas* retaliation claim.").

Lamb's claim fails. Lamb alleges three adverse actions taken against him: assigning him an "inactive status" workload, requesting he undergo psychological evaluation, and suspending him for one day. He also alleges the district court applied the wrong legal standard and so erred in finding he had not suffered any adverse action. But even under Lamb's preferred standard, he has not shown his "inactive status" workload assignment was materially adverse. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). And even if Lamb is right that requesting a psychological evaluation and suspending him for one-day are adverse actions, he has not shown that the purported legitimate reasons for these actions were pretextual. So his claim fails.

Accordingly, we affirm the district court's order. We deny Lamb's motions to supplement the record and to appoint counsel. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*